*filed in open court*

*fmT 8/20/07*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 07-59-SLR |
| ) | |
| KELVIN PRADO-ROBLES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and the defendant, Kelvin Prado-Robles, by and through his attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty in the United States District Court for the District of Delaware to Counts One, Two, Three, and Five of the Indictment. Count One charges defendant with falsely representing himself to be a United States citizen, in violation of 18 U.S.C. § 911. The maximum penalties for Count One are three years imprisonment, a $250,000 fine, three years supervised release, and a $100 special assessment. Count Two charges defendant with aggravated identity theft, in violation of 18 U.S.C. § 1028A. The penalty for Count Two is a two year term of imprisonment, to be served consecutively to the sentence imposed at Count One, one year supervised release, and a $100 special assessment. Count Three charges defendant with passport fraud, in violation of 18 U.S.C. § 1542. The maximum penalties for Count Three are ten years imprisonment, a $250,000 fine, three years supervised release, and a $100 special assessment. Count Five charges defendant with identity theft, in violation of 18 U.S.C. §

1028(a)(7). The maximum penalties for Count Five are 15 years imprisonment, a $250,000 fine, three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt the following elements with respect to Count One of the Indictment: (1) that on or about the date alleged in the Indictment, the defendant falsely and willfully; (2) represented himself to be a citizen of the United States. With respect to Count Two, the defendant understands that the Government would have to prove beyond a reasonable doubt that: (1) on or about the date alleged in the Indictment, the defendant knowingly possessed or used, without lawful authority, a means of identification of another person; (2) during and in relationship to certain enumerated felony violations, including, in this case, a violation of 18 U.S.C. § 911. With respect to Count Three, the defendant understands that the Government would have to prove beyond a reasonable doubt that: (1) on or about the date alleged in the Indictment, the defendant willfully and knowingly made a false statement in an application for a passport; (2) with the intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws. With respect to Count Five, the defendant understands that the Government must prove beyond a reasonable doubt that: (1) on or about the date alleged in the Indictment, the defendant knowingly possessed or used, without lawful authority, a means of identification of another person; (2) with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of federal law.

3. In accordance with this Agreement, the Government agrees to dismiss Counts Four,

Six, and Seven of the Indictment at the time of sentencing. Defendant agrees that he committed the offenses charged in Counts Four, Six, and Seven of the Indictment, and that such conduct should be considered by the District Court as relevant conduct at the time of sentencing.

4. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1.

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. The defendant agrees to pay the $400 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
Edson A. Bostic, Esquire
Attorney for the Defendant

By: _____
Robert F. Kravetz
Assistant United States Attorney

_____
Kelvin Prado-Robles, Defendant

Dated: August 20, 2007

AND NOW, this _____ day of August 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Hon. Sue L. Robinson
United States District Judge

4